Stan Nowak et al., Plaintiffs, v Smith & Mahoney, P. C., Defendant and Third-Party Plaintiff-Appellant, and U.W. Marx, Inc., Defendant and Third-Party Plaintiff-Respondent. City of Albany, Third-Party Defendant-Appellant, et al., Third-Party Defendant.

Third Department, October 17, 1985

### APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case & Blackmore* (*Verle L. Johnston, Jr.,* and *Randall J. Ezick* of counsel), for defendant and third-party plaintiff-appellant.

*James L. Pemberton* (*Paul Briggs* of counsel), for defendant and third-party plaintiff-respondent.

### OPINION OF THE COURT

Levine, J.

Plaintiff Stan Nowak (plaintiff), an electrical worker, was injured at the site of construction of a waste recovery plant for third-party defendant City of Albany when the ladder on which

he stood working collapsed. Plaintiff's employer was third-party defendant J.N. Futia Company, Inc. (Futia), which had been awarded the individual prime contracts for the plumbing and the electrical work on the project. Plaintiff sued defendants Smith & Mahoney, P. C., the project's consulting engineer and construction manager, and U.W. Marx, Inc. (Marx), which held the general construction contract, on theories of common-law negligence and violations of Labor Law §§ 200 and 240 (1). Smith & Mahoney cross-claimed against Marx and brought a third-party action against the city and Futia. After the completion of discovery, Marx successfully moved for summary judgment dismissing all causes of action against it in the complaint, cross claim and third-party actions. This appeal by Smith & Mahoney and the city ensued.

It is conceded that when the accident occurred, plaintiff's work activities were entirely related to the performance of Futia's prime electrical contract on the project. There is no evidence in the record that the equipment involved in the accident was owned or controlled by Marx. Futia's electrical contract was directly with the city, the owner of the project, as mandated by General Municipal Law § 101, and Marx was not a party to the contract and was not given any supervisory control over Futia's performance under the contract.

The foregoing facts effectively dispel any possible liability of Marx for common-law negligence or a violation of Labor Law § 200. Section 200 merely codifies the common-law duty of an owner or general contractor to provide a safe place for workers at the construction site (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299, *mot for rearg denied* 45 NY2d 776). That duty is contingent upon contractual or other actual authority to control the activity bringing about the injury, which Marx did not possess with regard to the electrical work on the project (*Russin v Picciano & Son,* 54 NY2d 311, 317).

We are likewise of the view that liability of Marx cannot arise under Labor Law § 240 (1). It is true that the duty of owners, contractors and their agents under section 240 (1) to take safety precautions with respect to scaffolding and ladders on a construction site cannot be avoided by contractually delegating direction and control of the work to others (*Haimes v New York Tel. Co.,* 46 NY2d 132, 136). Such delegation, whether by way of a subcontract of part of the work or, as here, by designating an architectural or engineering firm as construction manager, only serves to enlarge the class of entities liable by making the subcontractor or designee a statutory "agent" of the owner or

contractor (Labor Law § 240 [1]; *Kenny v Fuller Co.,* 87 AD2d 183, 190, *lv denied* 58 NY2d 603; *Larabee v Triangle Steel,* 86 AD2d 289, 292). The terms "owner" and "contractor" are not defined in section 240 (1). However, the legislative history of its most recent enactment (L 1969, ch 1108) and its consistent interpretation by the courts make clear that the targets of this statutory imposition of a nondelegable duty (to maintain safe working conditions and insure financial responsibility for any losses suffered) are those who have the power to enforce safety standards and choose responsible subcontractors.

"This bill places ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor * * *

"The owner and general contractor have the prime contract and interest in completing the work. They choose the subcontractors and coordinate the work and, in addition, have overall supervision of all the work" (memorandum of Senator Calandre and Assemblyman Amann, 1969 NY Legis Ann, at 407).

The key criterion is "the right to insist that proper safety practices were followed and it is. the right to control the work that is significant, not the actual exercise or nonexercise of control" (*Copertino v Ward,* 100 AD2d 565, 567). That standard has been applied to exclude from Labor Law liability a prime contractor not in privity with the contractor/employer of an injured worker (*Russin v Picciano & Son,* 54 NY2d 311, 317-318, *supra*), and a person having an ownership interest but who did not contract for the work (*Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 114, *lv denied* 56 NY2d 503). Measured by this same criterion, Marx, although it held the contract for the general construction aspects of the project, cannot be held liable for plaintiff's injuries sustained in the course of the electrical phase of the construction since, both contractually and as a matter of statutory law (General Municipal Law § 101), Marx was never in a position to direct, supervise or enforce safety measures in the performance of the electrical prime contract by Futia.

We are equally unpersuaded that a triable issue exists as to whether, in its activities as prime contractor for the general construction phase of the project, Marx became the de facto general contractor for the entire project. We find no record support for any such inference, particularly in view of the contractual designation of Smith & Mahoney as project manager for the over-all direction, supervision and coordination of the project.

KANE, J. P., MAIN, YESAWICH, JR., and HARVEY, JJ., concur. Order affirmed, with costs.