■ WILLIAM LONGOBARDI et al., Respondents, v FALCO CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant, and MORRISON-KNUDSEN CO., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. DART MECHANICAL CORP., Third-Party Defendant-Respondent; CITY OF NEW YORK, Third-Party Defendant and Fourth-Party Plaintiff-Respondent.—In an action to recover damages for personal injuries, etc., the defendant Falco Construction Corp. appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated June 30, 1986, which denied its motion for summary judgment dismissing the plaintiffs' action insofar as it is asserted

against it and any cross claims, third-party claims and counterclaims against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In October 1984 the plaintiff William Longobardi was severely injured when, during the course of his work for a plumbing contractor, he fell through an uncovered ventilation opening on the roof of a building under construction for the New York City Department of Sanitation. This action alleges negligence and violations of Labor Law §§ 240 and 241. Falco Construction Corp. (hereinafter Falco), the company which held a contract with the city for "general construction", including construction of the roof, moved unsuccessfully for summary judgment. We affirm.

The record reflects that issues of fact exist with respect to Falco's possible liability in negligence for the removal of the covering for the roof opening through which Longobardi fell. Other issues of fact also exist with respect to Falco's possible status as an "agent" or "contractor" under the Labor Law (see, Russin v Picciano & Son, 54 NY2d 311; Kenny v Fuller Co., 87 AD2d 183, lv denied 58 NY2d 603; cf. Nowak v Smith & Mahoney, 110 AD2d 288), which preclude the granting of summary judgment. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.