■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY FRYER, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to dismiss the indictment for lack of a speedy trial (CPL 30.30). Six months and 16 days elapsed between the date of the filing of the felony complaint and the date of the motion. Excluded from this period was a period of 45 days, making the total elapsed time only 5 months and 1 day. At defendant's arraignment his counsel requested that "the matter be placed on the 45-day motion calendar." As a result of this request, the matter was adjourned for a period of 45 days until all motions made were determined or until counsel sooner signified that no motions were to be made (see, 22 NYCRR former 1590.2). Since defendant made no motions and did not signify that no motions were to be made, the matter remained on the Motion Calendar for the full period of 45 days. Defense counsel's request, therefore, amounted to "a continuance granted by the court * * * with the consent of, the defendant or his counsel." (CPL 30.30 [4] [b].)

Nine months and 15 days elapsed between the date of the filing of the felony complaint and the date of trial. Excluded from this period was the 45-day adjournment for the making of motions as well as the additional adjournment of 2 months and 14 days requested by defendant's new counsel to prepare for trial. Excluding these periods chargeable to defendant, the trial was commenced within 5 months and 17 days from the commencement of the action.

For the first time, on appeal, defendant argues that his CPL 30.30 motion should have been granted because the People did not submit an affidavit in opposition showing the excludable periods of time. On the return date of the motion, however, the District Attorney did bring the periods of exclusion to the attention of the court and defense counsel did not object to the lack of an opposing affidavit. Since the periods of exclusion were conclusively established by the record, the court properly took cognizance of the excludable periods in denying the motion without a hearing (see, CPL 210.45 [5] [c]).

We reject defendant's contention that the trial court erred in refusing to charge criminal trespass as a lesser included offense of burglary in the second degree. The only evidence that placed defendant unlawfully in the burglarized dormitory room was testimony that defendant and his accomplice were found at the dormitory entrance in possession of articles that had been stolen from the dormitory room. Thus, there was no reasonable view of the evidence by which the jury could have found that defendant had committed the offense of criminal trespass and not the offense of burglary. The very evidence that proved that defendant entered the dormitory room also proved that he intended to enter for the purpose of committing a crime therein.

Defendant urges us to reverse his conviction because of the prosecutor's statement on summation that defendant's accomplice had pleaded guilty. Defendant has not preserved the issue for our review as a matter of law because he did not object to that statement. His objection was addressed to the prosecutor's comment, which he claims was not supported by the record, that defendant was with the accomplice at all times. In view of the overwhelming proof of defendant's guilt, we decline to exercise our jurisdiction to reverse as a matter of discretion in the interest of justice.

We find no merit in the other issues raised by defendant. (Appeal from judgment of Ontario County Court, Henry, J.—burglary, second degree, and other offenses.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.