■ HENRY T. LACHAJCZYK, Appellant, v SCOTT SCHRIBER, Doing Business as CHAUTAUQUA COUNTY CONTRACTING, Respondent and Third-Party Plaintiff. YORKTOWN INDUSTRIES, INC./MATCO TOOLS, Third-Party Defendant-Respondent.—Order unanimously affirmed without costs. Memorandum: As a general rule, leave to amend pleadings should be freely granted; in this case, however, the proposed amendment is devoid of merit, and the court did not abuse its discretion by considering the merits (see, Andersen v University of Rochester, 91 AD2d 851, appeal dismissed 59 NY2d 968).

Plaintiff sought to amend his complaint to allege a violation of Labor Law § 240. Liability for a violation of this section cannot be imposed, however, where the contractor has no authority to supervise or control the plaintiff's activities (Russin v Picciano & Son, 54 NY2d 311; Reeves v Red Wing Co., 139 AD2d 935). The proposed amendment contains no allegation that defendant had authority to supervise or control plaintiff or his activities, and uncontroverted evidentiary materials submitted on the motion demonstrate that such authority did not exist. Plaintiff's claim that defendant exercised control by furnishing the ladder from which he fell is without merit (see, Magrath v Migliore Constr. Co., 139 AD2d 893). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—amend complaint.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: The verdict is supported by legally sufficient evidence and is not against the weight of the evidence (see, CPL 470.15 [5]; People v Hughes, 138 AD2d 523). Further, the trial court correctly denied defendant's motion to dismiss the indictment for lack of a speedy trial (see, CPL 30.30 [4] [b]; People v Fryer, 136 AD2d 936, lv denied 72 NY2d 859).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Monroe County Court, Egan, J.—robbery, third degree, and other charges.) Present—Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.