■ GREGORY GALLO et al., Individually and as Parents and

Natural Guardians of ANTHONY GALLO, an Infant, Plaintiffs, v RONALD D. GROSVENOR et al., Defendants and Third-Party Plaintiffs-Respondents; CHENANGO MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Fischer, J.), entered May 2, 1990 in Broome County, which, *inter alia,* partially granted third-party plaintiffs' motion for summary judgment and declared that third-party defendant is required to defend third-party plaintiffs in the primary action.

In 1986 defendant Marcia Grosvenor provided child care services for plaintiffs by baby-sitting their son in her home. During the latter part of 1986, while at Grosvenor's home, the child was sexually assaulted by defendant Ronald D. Grosvenor, who was Grosvenor's son. As a result, plaintiffs commenced this action for personal injuries sustained by the child. Defendants commenced a third-party action against Chenango Mutual Insurance Company (hereinafter CMIC) seeking a declaratory judgment that CMIC was obligated to defend and indemnify them pursuant to the terms of a homeowner's policy issued to them by CMIC. After issue was joined and discovery completed, defendants moved for summary judgment in the third-party action and CMIC cross-moved for summary judgment. Supreme Court granted partial summary judgment to defendants upon finding that CMIC was obligated to defend defendants in the primary action and denied CMIC's cross motion.* This appeal ensued.

CMIC contends that it has no duty to defend or indemnify by reason of the exclusion provisions of the homeowner's policy relating to liability for bodily injuries resulting from intentional acts and/or business activities of an insured. While plaintiffs' complaint asserts claims for intentional tort, which may be excluded under the policy, it also asserts seven causes of action which are grounded in negligence and are clearly within the risks contemplated by the policy. Accordingly, CMIC was required to defend unless it could demonstrate that the claims asserted by plaintiffs fell squarely within the "business" exclusion of the policy *(see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302;

* Supreme Court did not render a determination on the issue of indemnification on the grounds that it was premature at this stage of the litigation *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876). Additionally, in light of its determination, the court did not consider plaintiffs' contentions in their affidavit in support of defendants' motion that CMIC did not timely disclaim coverage. We will not consider those issues for the same reasons as cited by Supreme Court.

*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326-327).

The "business" exclusion of defendants' policy provided, in pertinent part, that "[t]his policy does not apply to liability which results directly or indirectly from * * * activities related to the business of an Insured, except as provided for by an Incidental Liability Coverage". As an exception to that exclusion, the incidental coverage in defendants' policy afforded coverage for bodily injury resulting from business activities, but which were usually viewed as nonbusiness in nature.

Plaintiffs assert in their complaint, among other things, that Grosvenor was negligent in the supervision of her own son which resulted in the sexual assault of plaintiffs' son. Thus, defendants claim that, while the activity for which defendants are sought to be held liable occurred during the time that Grosvenor was engaged in her business of babysitting, the supervision of her own child was incident to a nonbusiness pursuit. We agree. Certainly, the care and supervision of Grosvenor's own child was not incident to her business pursuit, that is, the care of other children entrusted to her during their parents' absence. In *Gulf Ins. Co. v Tilley* (280 F Supp 60, *affd* 393 F2d 119), the defendant was babysitting an infant at her home and while doing so made breakfast for herself and a friend. The infant pulled the cord of a percolator in which the defendant was making coffee, causing the coffee to spill and severely burn the infant. In interpreting an exclusion precisely like the one at bar, the court held that the preparation of hot coffee was incident to nonbusiness pursuits and thus within the exception to the "business" exclusion of the policy. To hold otherwise would render the excepting clause meaningless *(see, supra,* at 65). Accordingly, we find that the activity complained of by plaintiffs comes within the exception to the business exclusion and that CMIC must provide a defense to the primary action.

Mahoney, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.