▪ CARNELL WRIGHT, Appellant, v NICHTER CONSTRUCTION Co., INC., Respondent and Third-Party Plaintiff-Appellant. ALLIED MECHANICAL, INC., et al., Third-Party Defendants-Respondents. [624 NYS2d 487] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's cross motion for summary judgment dismissing plaintiff's Labor Law §§ 200, 240 (1) and § 241 (6) causes of action. "An implicit precondition to [the duty imposed by Labor Law § 200] to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition [citation omitted]" *(Russin v Picciano & Son,* 54 NY2d 311, 317; *see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *D'Amico v New York Racing Assn.,* 203 AD2d 509; *Walsh v Sweet Assocs.,* 172 AD2d 111, 113, *lv denied* 79 NY2d 755; *Lachajczyk v Schriber,* 155 AD2d 874; *Nowak v Smith & Mahoney,* 110 AD2d 288, 289). Here, defendant, the prime contractor for general construction of a fire hall owned by the City of Buffalo, did not exercise supervisory control over plaintiff's activity as an employee of third-party defendant Allied Mechanical, Inc., the prime contractor for the heating, ventilation and air conditioning work on the fire hall. Because defendant did not have the "contractual or other actual authority to control the activity bringing about the injury", plaintiff's Labor Law § 200 cause of action was properly dismissed *(Nowak v Smith & Mahoney, supra,* at 289).

Plaintiff's allegations that defendant is liable under Labor Law § 240 (1) and § 241 (6) as an agent of the owner are similarly infirm. "Only upon obtaining the authority to supervise and control does [a] third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241" *(Russin v Picciano & Son, supra,* at 318). Because defendant did not exercise the requisite supervision or control over plaintiff's heating, ventilation and air conditioning work, defendant was not an agent within the meaning of Labor Law §§ 240 or 241 *(see, Russin v Picciano & Son, supra; D'Amico v New York Racing Assn., supra; Walsh v Sweet Assocs., supra,* at 113-114; *Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-417; *Nowak v Smith & Mahoney,*

*supra).* Further, the Labor Law § 241 (6) cause of action was properly dismissed because of plaintiff's failure to plead the violation of a specific safety regulation *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494).

Plaintiff has not preserved for review the issue of estoppel, and we decline to reach it in the exercise of discretion *(see, Arvantides v Arvantides,* 106 AD2d 853, *mod on other grounds* 64 NY2d 1033). (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Labor Law § 240 [1].) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.