THIRD DEPARTMENT, SEPTEMBER, 1998

(September 3, 1998)

■ JEFFREY S. OUTWATER, Appellant-Respondent, v MATTHEW J. BALLISTER, Defendant, UTICA FIRE INSURANCE COMPANY

OF ONEIDA COUNTY, Respondent, and SUN FROST FARMS, INC., Appellant. [678 NYS2d 396] —White, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered June 25, 1997 in Ulster County, which, *inter alia,* granted a motion by defendant Utica Fire Insurance Company of Oneida County for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered October 21, 1997 in Ulster County, which, upon reargument, *inter alia,* denied a cross motion by defendant Sun Frost Farms, Inc. for summary judgment dismissing the complaint against it.

In 1986, defendant Matthew J. Ballister, the sole shareholder, director and officer of defendant Sun Frost Farms, Inc., the operator of a retail and wholesale fruit and vegetable business, took title to a two-acre parcel of property in the Town of Woodstock, Ulster County. Located on the property was a residence, a fruit and vegetable stand used by Sun Frost and a two-sided shed that housed miscellaneous garden tools. In the winter of 1994, the shed collapsed and Ballister decided to replace it with a 24-foot by 28-foot storage building in which he intended to store tools and equipment used in Sun Frost's business, as well as personal items. Upon Sun Frost's payment of the appropriate fee, the Town issued a building permit to Ballister who engaged plaintiff, a carpenter, to construct the building using materials purchased by Ballister and Sun Frost. By July 18, 1994, construction had progressed to the point where the roof had been shingled and siding was being applied. On that day, while plaintiff was applying siding, a co-worker was on the roof removing roof brackets that had been utilized during the roofing operation. As plaintiff was walking to the area where the siding was stored, he heard someone say "look out". Before he could react, a roof bracket that had been thrown from the roof struck him in the head, causing serious physical injuries.

Thereafter, plaintiff commenced this personal injury action alleging causes of action founded upon Labor Law §§ 200, 240 (1) and § 241 (6). In an amended complaint, he included a cause of action against defendant Utica Fire Insurance Company of Oneida County for a declaration that it was obligated to indemnify Ballister pursuant to the terms of a homeowner's liability policy it had issued to him. Following discovery, defendants moved for summary judgment dismissing the complaint while plaintiff also cross-moved for summary judgment. Supreme Court granted Sun Frost's and Utica Fire's motions but denied plaintiff's and Ballister's motions on the ground that there was a question of fact as to whether Ballister

directed or controlled the work. Plaintiff filed a notice of appeal and sought reargument. On reargument, Supreme Court adhered to its original decision regarding Utica Fire but now denied Sun Frost's motion, finding a question of fact as to whether it was a "contractor" within the meaning of Labor Law § 240 (1) and § 241 (6). Sun Frost appeals.

We affirm the denial of plaintiff's and Ballister's motions insofar as they relate to Labor Law § 240 (1) and § 241 (6) causes of action, albeit on different grounds. Our focus is not on Ballister's direction and control of the work, but on the purpose of the project. When, as here, a structure is used for residential and commercial purposes, the site and purpose of the injured plaintiff's work must be analyzed in order to determine whether the statutes' exemption for owners of one and two-family dwellings applies (*see, Telfer v Gunnison Lakeshore Orchards,* 245 AD2d 620). Under this test if the work directly relates to the residential use of the home, the exemption applies (*see, Bartoo v Buell,* 87 NY2d 362, 368). The application of this "site and purpose" test has resulted in a finding that the exemption was available where the work was wholly related to the residential nature of the structure and the effect on the commercial use of the property was incidental or negligible (*see, Muniz v Church of Our Lady,* 238 AD2d 101, *lv denied* 90 NY2d 804; *Vliet v Alweis,* 227 AD2d 853); however, where a house was used exclusively for commercial purposes, the exemption was not available (*see, Van Amerogen v Donnini,* 78 NY2d 880, 883; *Morelock v Danbrod Realty Corp.,* 203 AD2d 733, 735). As the record does not clearly indicate what portion of the building was used to store Ballister's personal items, we cannot determine whether the commercial use was incidental to the residential use (*see, Mullen v Kellam,* 819 F Supp 159, 164-165). Accordingly, in light of this unresolved factual issue, neither plaintiff nor Ballister is entitled to summary judgment on the Labor Law § 240 (1) and § 241 (6) causes of action (*see, Mandelos v Karavasidis,* 86 NY2d 767, 769).

Sun Frost maintains that liability cannot be imposed upon it under Labor Law § 240 (1) and § 241 (6) because it did not own the property nor contract for nor engage in the work in any manner. Plaintiff counters that Sun Frost is subject to liability as it was a contractor. An entity is a contractor within the meaning of Labor Law § 240 (1) and § 241 (6) if it had the power to enforce safety standards and choose responsible subcontractors (*see, Nowak v Smith & Mahoney,* 110 AD2d 288, 290). Given the fact that Ballister controlled Sun Frost and that Sun Frost funds were expended for the project, an is-

sue is presented as to whether it had the authority to supervise and control the work of others. In view of this, we agree with Supreme Court that summary judgment in its favor with respect to the Labor Law § 240 (1) and § 241 (6) causes of action was not warranted (*see, Relyea v Bushneck,* 208 AD2d 1077; *compare, Lane v Karian,* 210 AD2d 549).

Next, we find that Ballister and Sun Frost were entitled to summary judgment dismissing plaintiff's Labor Law § 200 cause of action as the record evidence shows that neither had the authority to control the removal of the roof brackets (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352; *Decotes v Merritt Meridian Corp.,* 245 AD2d 864).

The last issue we confront is whether Utica Fire is obligated to indemnify Ballister under the terms of its homeowner's liability policy. This issue arises only if the construction project was for commercial purposes since, if it was for residential purposes, Ballister would be shielded from liability by the homeowner's exemption. In the event it is found that the project was for commercial purposes, Utica Fire will not be required to indemnify Ballister unless the construction falls within the policy's "non-business pursuits" exception. Although the policy does not apply to liability caused by new construction or demolition operations performed by or for the insured (*see,* Premises Liability Insurance Coverage Part, Exclusions 1 [n]), the exception states that the insurer will pay for bodily injury resulting from activities in conjunction with business pursuits which are ordinarily considered nonbusiness in nature (*see, id.,* Incidental Bodily Injury and Property Damage Coverages § 5 [e]). While the language of this exception is not free of ambiguity, as a general rule if the injury was caused by an act that would not have occurred but for the business pursuits of the insured, said act is beyond the scope of the policy; however, if the injurious act would have occurred regardless of the insured's business activity, the exception applies and coverage is provided even though the act may have had a causal relationship to the insured's business pursuits (*see, Thoele v Aetna Cas. & Sur.,* 39 F3d 724, 728; *Gallo v Grosvenor,* 175 AD2d 454; *see also,* Annotation, *Construction and Application of "Business Pursuits" Exclusion Provision in General Liability Policy,* 35 ALR5th 375). At this point, the record does not permit us to determine as a matter of law whether the construction of the shed would have occurred regardless of Ballister's business pursuits. Therefore, Supreme Court erred in granting Utica Fire's motion.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ.,

concur. Ordered that the order entered June 25, 1997 is modified, on the law, without costs, by reversing so much thereof as granted defendant Utica Fire Insurance Company of Oneida County's motion for summary judgment and denied defendant Matthew J. Ballister's motion for summary judgment with respect to the Labor Law § 200 cause of action; Utica Fire's motion is denied, Ballister's motion is partially granted with respect to the Labor Law § 200 cause of action and said cause of action is dismissed against Ballister; and, as so modified, affirmed. Ordered that the order entered October 21, 1997 is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Sun Frost Farms, Inc. for summary judgment as to the Labor Law § 200 cause of action; motion granted to that extent and said cause of action is dismissed against Sun Frost; and, as so modified, affirmed.