■ Phillip Williams, Appellant, v Dover Home Improvement, Inc., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. Edgar Frederick, Doing Business as E & G Construction, Third-Party Defendant-Respondent. [714 NYS2d 318] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 14, 1999, as denied his motion for partial summary judgment against the defendant Dover Home Improvement, Inc., on the issue of liability on his cause of action under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he fell from a ladder while he was working at the home of the defendants Edwin and Gloria Arce. Edwin Arce contracted with Dover Home Improvement, Inc. (hereinafter Dover) to perform home improvements. Dover in turn hired the plaintiff's employer Edgar Frederick to perform the roofing work. The plaintiff was injured while performing that work. He sued Dover to recover damages for personal injuries, *inter alia,* based upon a violation of Labor Law § 240 (1), and moved for summary judgment against Dover on that cause of action. His motion was denied on the ground that "issues of fact exist as to whether Dover can be considered a 'general contractor' or an 'agent' within the meaning of Labor Law § 240 (1)". We affirm the denial of summary judgment, for reasons other than those stated by the Supreme Court.

Contrary to the determination of the Supreme Court, Dover is clearly a "contractor" under Labor Law § 240 (1). Dover hired the parties to actually perform the work, entered into oral contracts with them, and required that each contractor produce a certificate of insurance. A party which has the authority to enforce safety standards and choose responsible subcontractors is considered a contractor under Labor Law § 240 (1) (*see, Nowak v Smith & Mahoney,* 110 AD2d 288). Dover's status as a contractor under Labor Law § 240 (1) is dependent upon whether it had the right to exercise control over the work, not whether it actually exercised that right (*see, Russin v Picciano & Son,* 54 NY2d 311, 317-318; *Copertino v Ward,* 100 AD2d 565, 567; *Parsolano v County of Nassau,* 93 AD2d 815, 817; *Kenny v Fuller Co.,* 87 AD2d 183, 187). Since Dover had the authority to choose the parties who did the work, and directly entered into contracts with them, it had the authority to exercise control over the work, even if it did not actually do so.

However, contrary to the determination of the Supreme

Court, there are questions of fact as to whether the accident was caused by a violation of Labor Law § 240 (1). A fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1) (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958). If there is no showing that the ladder was defective, a question of fact arises as to whether the ladder provided proper protection (*see, Gange v Tilles Inv. Co.,* 220 AD2d 556). If a plaintiff is claiming liability because the ladder was unsecured, failure to secure the ladder must have been a substantial factor leading to the plaintiff's injuries (*see, Guzman v Gumley-Haft, Inc.,* 274 AD2d 555).

Here, the plaintiff testified at his examination before trial that the ladder shifted to the right as he fell. However, his coworker thought that the ladder did not lean to either side after the accident, but remained straight. Further, the plaintiff told his employer in the hospital after the accident that "all" he could remember immediately prior to the accident was telling his coworker that "as soon as we finish this we are going home". In view of the foregoing, there is a bona fide issue as to the plaintiff's credibility which warrants the denial of summary judgment (*see, Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452). Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.