■ JOSEPH FUTO, Respondent, v BRESCIA BUILDING COMPANY, INC., Appellant, and DONALD DODD, Respondent. [755 NYS2d 125] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 10, 2001 in Ulster County, which, inter alia, granted plaintiff's motion for a directed verdict on the issue of liability.

Defendants contracted for the construction of a pole barn on defendant Donald Dodd's property. Plaintiff, an employee of a subcontractor hired by defendant Brescia Building Company, Inc., was injured while installing roofing materials on the pole

barn when a purlin that he was standing on broke, causing him to fall 20 feet to the ground. Plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. At the close of proof in the subsequent bifurcated trial on the issue of liability, Supreme Court granted plaintiff's motion for a directed verdict, concluding that defendants violated Labor Law § 240 (1). The court further determined that Dodd is entitled to common-law indemnification from Brescia. Brescia now appeals.

Labor Law § 240 (1) provides that "[a]ll contractors and owners and their agents * * * shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Brescia argues that Supreme Court erred in failing to dismiss plaintiff's Labor Law § 240 (1) claim because there is no evidence that it acted as a general contractor or agent of the owner or supervised, directed and controlled plaintiff in his work (*see Musselman v Gaetano Constr. Corp.*, 285 AD2d 868, 869; *Hojohn v Beltrone Constr. Co.*, 255 AD2d 658, 660). We are unpersuaded.

"An entity is a contractor within the meaning of Labor Law § 240 (1) * * * if it had the power to enforce safety standards and choose responsible subcontractors" (*Outwater v Ballister*, 253 AD2d 902, 904; *see Williams v Dover Home Improvement*, 276 AD2d 626, 626; *Nowak v Smith & Mahoney*, 110 AD2d 288, 290). A party will be deemed a "contractor" under section 240 (1) if "it had the right to exercise control over the work, [regardless of] whether it actually exercised that right" (*Williams v Dover Home Improvement, supra* at 626; *Nowak v Smith & Mahoney, supra* at 290). Here, there is no dispute that Brescia had the authority to hire a responsible subcontractor. Further, it retained the right to exercise control over the work—Brescia supplied materials and blueprints for the project and rented equipment, Brescia's general manager made periodic visits to the site to ensure that the work "was done properly and was in compliance with the plans," and the subcontractor was required to obtain Brescia's permission before any changes could be made if a problem on the job site arose. In addition, Brescia held a meeting with the subcontractor regarding safety and instructed the subcontractor to "work safely" before the subcontractor commenced work. Accordingly, we conclude that Brescia was a "contractor" within the meaning of Labor Law § 240 (1) and thus subject to absolute liability

for any violation of the statute that was a contributing cause of an accident, regardless of whether it actually exercised its power of supervision and control (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520-524).

Brescia's argument that the unbraced purlins constituted a safety device under Labor Law § 240 (1) is unavailing (*cf. Lagzdins v United Welfare Fund-Sec. Div. Marriott Corp.*, 77 AD2d 585, 588). Surfaces that "consist[ ] of the work itself" do not constitute a scaffold or other device designed to minimize elevation-related risks (*Broderick v Cauldwell-Wingate Co.*, 301 NY 182, 187). In addition, there is no view of the evidence under which a jury could conclude that Brescia's failure to provide safety devices was not a proximate cause of plaintiff's injury and Supreme Court properly directed a verdict in plaintiff's favor (*see Zimmer v Chemung County Performing Arts, supra* at 524; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960). Finally, Dodd is entitled to indemnification from Brescia inasmuch as his liability was merely vicarious (*see Chapel v Mitchell*, 84 NY2d 345, 347; *Kingston v Hunter Highlands*, 222 AD2d 952, 954). The remaining arguments of the parties have been considered and found to be academic or meritless.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.