■ RICHARD J. MILANESE III, Respondent-Appellant, v ROBERT KELLERMAN, Defendant, SHO MOBILE HOME BROKERS, INC., Appellant-Respondent, and BILL LAKE HOMES CONSTRUCTION CORPORATION, Respondent. [838 NYS2d 256]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered April 5, 2006 in Saratoga County, which, inter alia, partially granted plaintiff's cross motion for summary judgment.

Defendant Robert Kellerman purchased a two-story modular home from defendant Sho Mobile Home Brokers, Inc., which in turn ordered the home from defendant Bill Lake Homes Construction Corporation, a manufacturer of modular homes. When manufacture was complete, Sho Mobile arranged for delivery to Kellerman's property in the Town of Bolton, Saratoga County. Pursuant to contract, Kellerman had laid the foundation, while Sho Mobile was responsible for settling the four sections of the home on the foundation and completing any necessary finish work to ready the house for occupancy. Sho Mobile hired another company to deliver the home, and subcontracted with Brian Smith Construction Company to assist in positioning the sections and complete the finish work.

The modular home included two sections of stairway which were to be connected in an L-shape between the first and second floors. Bill Lake Homes had permanently installed the bottom section of the stairway prior to shipping, but the top section was laid flat on the landing and allegedly held in place with a "kick plate" for transport, to be permanently affixed onsite by the finish contractor. Plaintiff, an employee of Smith Construction, was engaged in finish work when he was injured while ascending the stairway. He testified that he thought the stairs were "good to walk up"; however, as he began to ascend the top section, it collapsed and he fell approximately 18 feet through a hole in the first floor to the concrete floor of the basement. His right ankle and foot were fractured, requiring two surgeries and hospitalizations.

Plaintiff commenced this action alleging common-law negligence as well as violations of Labor Law §§ 200, 240 (1) and § 241 (6) against Kellerman, Sho Mobile and Bill Lake Homes. Each defendant moved for summary judgment dismissing the complaint against it. Plaintiff did not oppose Kellerman's motion, but cross-moved for summary judgment against Sho Mobile and Bill Lake Homes.

Supreme Court dismissed the complaint as against Kellerman

and Bill Lake Homes. With respect to Sho Mobile, the court granted plaintiff partial summary judgment on the Labor Law § 241 (6) claim to the extent of determining that Sho Mobile violated 12 NYCRR 23-1.7 (b) (1), but found that fact questions exist as to whether that violation was a proximate cause of the accident. The court dismissed all other claims against Sho Mobile. Sho Mobile appeals, contending that Supreme Court should have dismissed plaintiff's Labor Law § 241 (6) claim against it. Plaintiff cross-appeals, arguing that questions of fact preclude summary dismissal of his common-law negligence claim against Bill Lake Homes, and also that he is entitled to summary judgment on his Labor Law § 240 claim against Sho Mobile.

On plaintiff's cross appeal, he argues in support of his negligence claim that a triable issue of fact exists regarding whether Bill Lake Homes failed to attach the kick plate when it manufactured the home and thereby " 'launche[d] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). This argument is unpersuasive. Plaintiff's coworker and his employer both testified that the kick plate was in place upon the home's arrival at the site, establishing that it was attached before shipping. Plaintiff does not offer any adequate proof in contradiction but instead claims that the testimony of the same coworker that the kick plate was not in place *after* the accident creates a question of fact regarding whether it was in place *before* the accident. Such speculation is insufficient to defeat summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Williams v General Elec. Co.*, 8 AD3d 866, 867-868 [2004]).

Plaintiff next contends that his Labor Law § 240 (1) claim against Sho Mobile should not have been dismissed and that, additionally, he is entitled to partial summary judgment on liability with respect to this cause of action. Specifically, he argues that because he was using the stairway to climb to the second floor to perform work there, it was the functional equivalent of a ladder and should be considered a "device" within the meaning of the statute. However, it is uncontested that the stairway was "permanent," and plaintiff points to no facts distinguishing this case from those cases holding that "a stairway which is, or is intended to be, permanent—even one that has not yet been anchored or secured in its designated location, or completely constructed—cannot 'be considered the functional equivalent of a ladder or other "device" as contemplated by section 240 (1)' " (*Williams v City of Albany*, 245 AD2d 916, 917 [1997], *appeal*

*dismissed* 91 NY2d 957 [1998] [citations omitted]; *see e.g. Riccio v Shaker Pine*, 262 AD2d 746, 747 [1999], *lv dismissed* 93 NY2d 1042 [1999]; *Pennacchio v Tednick Corp.*, 200 AD2d 809, 810 [1994]; *Ryan v Morse Diesel*, 98 AD2d 615, 616 [1983]). As this Court has stated, "[s]uch a structure functions as a permanent passageway between two parts of the building, not as a 'tool' or 'device' that is employed for the express purpose of gaining access to an elevated worksite" (*Williams v City of Albany, supra* at 917). Thus, the claim was properly dismissed.

On its appeal, Sho Mobile argues that Supreme Court should have dismissed plaintiff's Labor Law § 241 (6) claim against it. Initially, Sho Mobile contends that it was not a contractor within the meaning of the Labor Law and thus not subject to liability for violations of that section. We disagree. As Supreme Court noted, an entity is deemed a contractor within the meaning of Labor Law § 241 (6) "if it had the power to enforce safety standards and choose responsible subcontractors" (*Outwater v Ballister*, 253 AD2d 902, 904 [1998]; *see Futo v Brescia Bldg. Co.*, 302 AD2d 813, 814 [2003]; *Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2000]). The entity's right to exercise control over the work denotes its status as a contractor, regardless of whether it actually exercised that right (*see Futo v Brescia Bldg. Co., supra* at 814; *Williams v Dover Home Improvement, supra* at 626). Here, it is not disputed that Sho Mobile had general responsibility for erecting the modular home on Kellerman's property, including the authority to hire subcontractors and the obligation to pay them. It was also required to inspect their finished work and ensure satisfactory completion before occupancy by Kellerman. While Sho Mobile may not have given detailed instructions to Smith Construction or closely supervised its work during this project, the record makes clear that this was so because Smith Construction had performed similar work for Sho Mobile numerous times in the past and understood its responsibilities. Under these circumstances, Supreme Court properly concluded that Sho Mobile was a contractor within the meaning of the Labor Law.

Finally, Sho Mobile contends that 12 NYCRR 23-1.7 (b) (1), the regulation supporting plaintiff's Labor Law § 241 (6) cause of action, is inapplicable here. That regulation provides that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part" (12 NYCRR 23-1.7 [b] [1] [i]). Supreme Court correctly held that Sho Mobile violated that regulation and, indeed, Sho Mobile does not dispute that the first-floor hole through which

plaintiff fell en route to the basement floor was uncovered and was large enough for a man to fall through (*see Wells v British Am. Dev. Corp.*, 2 AD3d 1141, 1143-1144 [2003]). Instead, Sho Mobile argues that the lack of a cover or railing did not cause or contribute to the occurrence of the accident. Since the proven violation of 12 NYCRR 23-1.7 constitutes "some evidence of negligence" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 n 4 [1993]), Supreme Court properly left it to a jury to determine the "factual issues concerning whether [the] violation was a proximate cause of [plaintiff's] injury, as well as questions regarding his comparative fault" (*Wells v British Am. Dev. Corp., supra* at 1144).

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.