TODD J. TITUS et al., Appellants, v KIRST CONSTRUCTION, INC., Defendant, and DAVID CHRISTA CONSTRUCTION, INC., Respondent. [843 NYS2d 878]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 25, 2006. The order denied the motion of plaintiffs for partial summary judgment against defendant David Christa Construction, Inc. and granted the cross motion of that defendant for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Todd J. Titus (plaintiff) when he fell from a ladder at a school construction site. Plaintiff was an employee of Mader Construction Corporation, a subcontractor hired by the Randolph Central School District (District) to install drywall as part of a construction project at the District's high school and elementary school. In order to tape drywall seams in an area 18 feet from the floor, plaintiff raised a Baker scaffold to its maximum elevation and then placed an eight-foot ladder on top of the Baker scaffold, in a closed position and leaning against the wall. After locking the wheels of the Baker scaffold and testing the sturdiness of the ladder, plaintiff climbed the ladder and began to tape the drywall seams. Approximately 30 seconds after plaintiff ascended the ladder, the Baker scaffold tipped over, causing plaintiff to fall on the concrete floor.

As against defendant David Christa Construction, Inc. (Christa), plaintiffs alleged that it acted as a general contractor

for the construction project or as an agent of the owner and was therefore liable for plaintiff's injuries pursuant to, inter alia, Labor Law § 240 (1). Plaintiffs thereafter moved for partial summary judgment on liability pursuant to Labor Law § 240 (1) against Christa, and Christa cross-moved for summary judgment dismissing the complaint against it. In support of its cross motion, Christa asserted that it was the construction manager and was responsible for general oversight of the project, but it did not have authority to enforce worker safety. Supreme Court denied plaintiffs' motion and granted Christa's cross motion. We affirm.

We reject plaintiffs' contention that Christa was acting as a general contractor or as the agent of the District and therefore had a duty to provide plaintiff with the proper equipment to ensure his safety pursuant to Labor Law § 240 (1). Addressing first the issue of agency, we note that the key criterion for determining whether a third party is an agent of the owner for purposes of Labor Law § 240 (1) liability is whether that third party has " 'the right to insist that proper safety practices [are] followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control' " (*Nowak v Smith & Mahoney*, 110 AD2d 288, 290 [1985]; *see also Ogden v City of Hudson Indus. Dev. Agency*, 277 AD2d 794, 795 [2000]; *Bart v Universal Pictures*, 277 AD2d 4 [2000]). Christa was hired by the District as a construction manager for the project and, pursuant to the express terms of its contract, it had no control over or responsibility for the safety of the workers at the construction site. Nor did Christa by its conduct at the construction site assume the role of a general contractor or an agent of the District. Although Christa routinely called safety issues to the attention of the contractors, it did not have the ability to enforce safety measures. Christa did not hire or pay either the contractors or their employees (*see Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]; *Bach v Emery Air Frgt. Corp.*, 128 AD2d 490, 491 [1987]); it had no control over the manner in which the work was performed (*see Ogden*, 277 AD2d at 795; *Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000]; *Wright v Nichter Constr. Co.*, 213 AD2d 995 [1995]); and it had no authority to stop work on the project because of unsafe work practices (*cf. Sheridan v Albion Cent. School Dist.*, 41 AD3d 1277 [2007]). We therefore conclude that Christa established its entitlement to summary judgment dismissing the complaint against it (*see Scally v Regional Indus. Partnership*, 9 AD3d 865, 867-868 [2004]), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.