RICKY LANDON, Appellant, v DUANE AUSTIN, Appellant, and AUSTIN CONSTRUCTION, INC., Respondent. [954 NYS2d 670]—

Egan Jr., J. Appeals from an order of the Supreme Court (Mulvey, J.), entered January 18, 2012 in Tompkins County, which granted a motion by defendant Austin Construction, Inc. for summary judgment dismissing the amended complaint against it, and denied plaintiff's cross motion for partial summary judgment.

In October 2008, plaintiff was hired to remove shingles from— and install a new vapor barrier and underlayment on—the roof of a single-family residence owned by defendant Duane Austin. While plaintiff was in the process of applying the vapor barrier, he fell from the edge of the roof and sustained various injuries to his right leg. Plaintiff thereafter commenced this action against Austin alleging, among other things, violations of Labor Law §§ 200, 240 (1) and 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on his Labor Law § 240 (1) claim and Austin cross-moved for partial summary judgment dismissing plaintiff's Labor Law § 241 (6) claim. Supreme Court denied the respective motions and plaintiff and Austin each appealed to this Court, whereupon we modified the underlying order and granted plaintiff's motion for

partial summary judgment as to his Labor Law § 240 (1) claim against Austin (88 AD3d 1127 [2011]).[1]

In the interim, plaintiff filed an amended complaint naming Austin's corporation, defendant Austin Construction, Inc. (hereinafter ACI), as a defendant. Additional discovery ensued, following which ACI moved for summary judgment dismissing the amended complaint against it—contending that it was neither a contractor nor an agent within the meaning of the Labor Law and, hence, there was no basis upon which to impose liability against it. Plaintiff opposed the motion and cross-moved for partial summary judgment against ACI with respect to his Labor Law § 240 (1) claim. Supreme Court granted ACI's motion and denied plaintiff's cross motion, prompting these appeals by plaintiff and Austin.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (*Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007] [citations omitted]; *accord Temperino v DRA, Inc.*, 75 AD3d 543, 544 [2010]). Although the term "contractor" is not defined in Labor Law § 240 (1), "[a]n entity is a contractor within the meaning of [the statute] if it had the power to enforce safety standards and choose responsible subcontractors" (*Outwater v Ballister*, 253 AD2d 902, 904 [1998]; *accord Futo v Brescia Bldg. Co.*, 302 AD2d 813, 814 [2003]).[2] Additionally, and as is pertinent here, "[a] party will be deemed a contractor under section 240 (1) if it had the right to exercise control over the work, [regardless of] whether it actually exercised that right" (*Futo v Brescia Bldg. Co.*, 302 AD2d at 814 [internal quotation marks and citation omitted]; *see Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428 [2007]; *Milanese v Kellerman*, 41 AD3d 1058, 1061 [2007]; *Nowak v Smith & Mahoney*, 110 AD2d 288, 290 [1985]).[3] Hence, in order to demonstrate its entitlement to summary judgment as a matter of law, ACI needed to establish that it had no authority to enforce any applicable safety standards, did not hire or pay plaintiff, did not supervise or control plaintiff's work and did not provide any equipment or materials

---

**1.** Based upon Austin's examination before trial testimony, wherein he stated that he purchased the residence with the intent to "[f]ix it up and sell it," we concluded that Austin failed to demonstrate his entitlement to the statutory homeowner's exemption (88 AD3d at 1128).

**2.** The same duty/principle applies to a cause of action under Labor Law § 241 (6) (*see Outwater v Ballister*, 253 AD2d at 904).

**3.** The same criterion applies to an entity acting as an agent of the owner (*see Titus v Kirst Constr., Inc.*, 43 AD3d 1324, 1325 [2007], *lv denied* 9 NY3d 817 [2008]; *Aversano v JWH Contr., LLC*, 37 AD3d at 746).

for the project (*see Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613, 613 [2008], *lv denied* 12 NY3d 702 [2009]; *Titus v Kirst Constr., Inc.*, 43 AD3d 1324, 1325 [2007], *lv denied* 9 NY3d 817 [2008]).

Based upon our review of the record as a whole, we cannot say that ACI met that burden here. Although the record indeed reveals that Austin hired and paid plaintiff on the day in question and, further, possessed the authority to both enforce safety standards and supervise or control plaintiff's work (and that of his coworkers), it is unclear whether, in so doing, Austin was acting in his individual or corporate capacity. Stated another way, the record fails to disclose which of his two hats—individual owner or corporate contractor—Austin was wearing on the day that plaintiff was injured. In this regard, plaintiff acknowledged that he had worked for both Austin (individually) and ACI in the past and offered conflicting testimony as to whether he was working for Austin or ACI on the day he was injured. Similarly, although plaintiff testified that Austin usually paid him in cash, he also recalled being paid with a corporate check on at least one occasion. Additionally, Austin testified that, with the exception of plaintiff's hand tools, all of the tools and equipment on site belonged to ACI and, while some of the materials on site were paid for by Austin personally, the shingles and underlayment, including the vapor barrier that plaintiff was installing at the time he fell, were provided by ACI (*cf. Futo v Brescia Bldg. Co.*, 302 AD2d at 814). Finally, all of the remaining workers on site that day were either employees of ACI or had been hired by ACI through a temporary employment agency and worked exclusively for ACI.[4]

Such proof, in our view, raises questions of fact as to ACI's status as a contractor (or agent) on the day in question, thereby precluding an award of summary judgment in favor of ACI with respect to plaintiff's Labor Law § 240 (1) claim (*see Outwater v Ballister*, 253 AD2d at 904-905; *compare Van Hoesen v Dolen*, 94 AD3d 1264, 1267 [2012], *lv denied* 19 NY3d 809 [2012]; *Titus v Kirst Constr., Inc.*, 43 AD3d at 1325). Those same questions of fact, in turn, also mandate the denial of plaintiff's cross motion for summary judgment in this regard. Finally, although not extensively addressed by the parties, we agree that Supreme Court's dismissal of plaintiff's Labor Law § 241 (6) claim (*see Outwater v Ballister*, 253 AD2d at 905), as well as his Labor Law § 200 and common-law negligence claims (*see generally*

---

4. Austin and his daughter, both of whom were present at the time of plaintiff's accident, were employees of ACI; the four remaining workers were hired by ACI through a temporary employment agency.

*Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1416 [2010]), against ACI was unwarranted. Accordingly, Supreme Court's order is modified and plaintiff's amended complaint against ACI is reinstated in its entirety.

Peters, P.J., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Austin Construction, Inc. for summary judgment dismissing the amended complaint against it; motion denied; and, as so modified, affirmed.