Pacheco v 32-42 55th St. Realty, LLC (2025 NY Slip Op 07013)

Pacheco v 32-42 55th St. Realty, LLC

2025 NY Slip Op 07013

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-08218
 (Index No. 722277/20)

[*1]Galo Pacheco, appellant, 
v
32-42 55th Street Realty, LLC, defendant third-party plaintiff/third third-party plaintiff-respondent, B Green Construction Corp., defendant-respondent; Crescent Street Construction Corporation, third-party defendant/third third-party plaintiff-respondent; New City Bridging Corp., third third-party defendant-respondent, et al., third third-party defendant (and another third-party action).

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Ferro, Kuba, Mangano, P.C., Hauppauge, NY (Michael N. Manolakis of counsel), for defendant third-party plaintiff/third third-party plaintiff-respondent, defendant-respondent, and third-party defendant/third third-party plaintiff-respondent.
Maroney O'Connor LLP, New York, NY (Darian A. Bryan of counsel), for third third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered October 22, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
In 2014, the plaintiff allegedly sustained injuries when he fell from scaffolding while performing work on a construction site. The construction site was owned by 32-42 55th Street Realty, LLC (hereinafter the owner), which hired Crescent Street Construction Corporation (hereinafter Crescent) to act as the general contractor on the construction project. Crescent hired B Green Construction Corp. (hereinafter B Green), among other things, to install a brick facade on the front of the subject property, and B Green hired the plaintiff's employer, R & S Construction, Corp. (hereinafter R & S), to perform that masonry work.
The plaintiff commenced this action against the owner and B Green to recover [*2]damages for personal injuries, alleging that they violated, inter alia, Labor Law § 240(1). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order entered October 22, 2021, the Supreme Court denied the motion. The plaintiff appeals.
"'Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (McNamara v Gusmar Enters., LLC, 204 AD3d 779, 781, quoting Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). "[A] contractor may be held liable as an agent of the owner, where it had the authority to supervise and control the work at issue" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see Moran v Trustees of Columbia Univ. in the City of N.Y., 224 AD3d 830, 833). "The determinative factor is whether the defendant had 'the right to exercise control over the work, not whether it actually exercised that right'" (Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784, quoting Williams v Dover Home Improvement, 276 AD2d 626, 626; see Argueta v Hall & Wright, LLC, 230 AD3d 1200, 1202).
Contrary to the Supreme Court's determination, the plaintiff established, prima facie, that B Green was a statutory agent of the owner. B Green chose and directly entered into a contract with R & S for the completion of the masonry work. Additionally, B Green's president testified that he had the authority to stop R & S's work on the basis of safety concerns (see Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759; Williams v Dover Home Improvement, 276 AD2d at 626). In opposition, B Green failed to raise a triable issue of fact (see Padilla v Park Plaza Owners Corp., 165 AD3d 1272, 1274).
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124; see Keen v Tishman Constr. Corp. of N.Y., 233 AD3d 1001, 1002). "The statute 'is to be construed as liberally as may be for the accomplishment of [that] purpose'" (Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1002, quoting Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521).
"To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (id. [internal quotation marks omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her injuries, there can be no recovery under Labor Law § 240(1)" (Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1003; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). Conversely, "contributory negligence on the part of the worker is not a defense to a Labor Law § 240(1) claim" (Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 748 [internal quotation marks omitted]; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433).
Here, in support of his motion, the plaintiff submitted a transcript of his deposition testimony, which established, prima facie, that he fell from loose and unsecured planks atop the scaffolding and that his fall was caused by the defective condition of the scaffolding (see Loretta v Split Dev. Corp., 168 AD3d 823, 824; Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 769). In opposition, the respondents failed to raise a triable issue of fact (see Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1003). Contrary to the respondents' contention, the plaintiff's deposition testimony regarding how his injuries occurred was not inconsistent. Moreover, any inconsistency in the plaintiff's deposition testimony regarding the absence of safety devices does not present an issue of fact as to the plaintiff's credibility (see Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 690). In light of the plaintiff's prima facie showing, even if safety devices were available at the construction site, any failure on the plaintiff's part to use them would not be a defense (see Ochoa v JEM Real Estate Co., LLC, 223 AD3d at 748).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law [*3]§ 240(1) (see Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1003).
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court