■ DAVID B. BUTLER, as Successor Executor of ETHEL M. SOUTHARD, Deceased, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [711 NYS2d 607] —Lahtinen, J. Appeal from an order of the Supreme Court (Castellino, J.), entered September 22, 1999 in Chemung County, which granted defendant's motion for summary judg-ment dismissing the complaint.

Ethel M. Southard was seriously injured in a two-car motor vehicle accident on November 27, 1996 in which her 96-year-old mother, riding as a passenger in her car, was killed. In March 1997 Southard, individually and as administrator of her mother's estate, commenced a negligence action against the driver of the other motor vehicle involved in the accident seek-ing damages for her injuries and her mother's wrongful death. Southard's claim was eventually settled for $25,000, the policy

---

**2.** As a result of his filing for bankruptcy in September 1996, Hosler was no longer part of the action.

limit of the other vehicle, and the claim for the wrongful death of her mother was settled for $30,000. After Southard passed away, plaintiff brought this action seeking benefits under Southard's supplemental uninsured motorist (SUM) endorsement to her automobile liability insurance policy issued by defendant, which had a $50,000 liability limit. Defendant moved for summary judgment arguing that the $55,000 in settlements paid by the liability carrier for the other vehicle exceeded the SUM policy limit of $50,000 and precluded the payment of any SUM benefit to Southard. Supreme Court granted the motion finding defendant's interpretation of the offset provisions of the SUM endorsement clear, unambiguous and dispositive. Plaintiff now appeals.

The policy section which establishes the parameters for SUM payments reads as follows:

"6. Maximum SUM payments. Regardless of the number of insureds, our maximum payment under this SUM endorsement shall be the difference between:

"(a) The SUM limit [$50,000]; and

"(b) The motor vehicle bodily injury liability insurance or bond payments received by the insured or the insured's legal representative, from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured.

"The SUM limits shown on the Declarations is the amount of coverage for all damages due to bodily injury in any one accident."

Defendant argues that the term insured set out in paragraph 6 (b) refers to both Southard and her mother, requiring the settlement sums of both insureds (totaling $55,000) to be applied as offsets to the SUM limit of $50,000, thereby eliminating SUM benefits. Plaintiff argues that defendant's maximum payment under the SUM endorsement is offset only by the $25,000 payment Southard received from the negligent party, leaving $25,000 for payment to plaintiff.

It is clear that both Southard and her mother fall within the policy definition of an insured. However, whether the reference to insured in paragraph 6 (b) refers to each independent insured, as plaintiff contends, or a cumulative grouping of all who qualify as insureds, as advanced by defendant, is not clear and creates an ambiguity which must be construed against the insurer and in favor of the insured (*see, Guardian Life Ins. Co. v Schaefer*, 70 NY2d 888, 890; *Matter of Dube v Horowitz*, 258 AD2d 724, 725). The test for determining whether an insurance provision is ambiguous "focuses on the reasonable

expectations of the average insured upon reading the policy" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327). On the facts presented here, we are of the opinion that the average insured would reasonably expect that $25,000 of SUM coverage would be available under defendant's policy. Such an expectation would be consistent with the avowed purpose of SUM coverage, which is to protect the insured against accidents with both uninsured and underinsured motorists (*see,* 11 NYCRR 60-2.1), and necessitates a finding that Supreme Court improperly awarded summary judgment to defendant.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.