■ ARTHUR M. DEMOPOULOUS, as Administrator of the Estate of DANIEL S. DEMOPOULOUS, Deceased, et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Defendant, and KEMPER NATIONAL INSURANCE COMPANIES et al., Appellants. [720 NYS2d 289] —Rose, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 1, 1999 in Schoharie County, which, *inter alia*, granted plaintiffs' motion for summary judgment and made a declaration in their favor.

On December 29, 1997, a one-car accident caused the death of Daniel S. Demopoulous (hereinafter decedent) and seriously injured Matthew Campbell while they were passengers in a vehicle owned by Arnold Horth and Helen Horth, and driven by Jason Horth. The Horths were insured by defendant New York Central Mutual Fire Insurance Company (hereinafter NYCM), which offered to pay the policy limit of $100,000, less $807 already paid for a property damage claim, to settle the passengers' claims. An insurance policy issued to decedent's father, plaintiff Arthur M. Demopoulous, by defendant American Manufacturers Mutual Insurance Company, a member of defendant Kemper National Insurance Companies (hereinafter collectively referred to as defendants), provided supplemental uninsured motorist (hereinafter SUM) coverage, also in the amount of $100,000. Plaintiffs, who are represented by the

same legal counsel, proposed that the entire amount of NYCM's policy would be paid to Campbell and that decedent's estate would make a claim against defendants for the full SUM amount. Defendants resisted this plan, maintaining that NYCM must pay a minimum of $50,000 to decedent's estate and thereby reduce defendants' liability for SUM coverage to $50,000.

Plaintiffs then commenced this action to obtain a judgment declaring, *inter alia,* that Campbell is entitled to recover damages up to the full amount of the available proceeds of NYCM's policy as determined in a separate proceeding and that defendants must make the full amount of SUM coverage available to decedent's estate. Plaintiffs then moved, and defendants cross-moved, for summary judgment. Supreme Court granted plaintiffs' motion, made the declarations they requested, and denied defendants' cross motion.

Defendants appeal, contending that Supreme Court's interpretation of NYCM's single limit policy contravenes provisions of the policy and State law that require a minimum limit of compensation here of $50,000 for decedent's death (*see,* Vehicle and Traffic Law § 311 [4]; *see also,* Insurance Law § 3420 [f] [1]). Since we conclude that NYCM's policy effectively incorporated the requirements of the Vehicle and Traffic Law, and that Supreme Court relied on one clause of the policy taken out of context, we reverse.

Our consideration of the issue begins with the principle that in interpreting an insurance policy, its unambiguous provisions must be given their plain and ordinary meanings (*see, Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868). The relevant portion of NYCM's policy provides:

"LIMIT OF LIABILITY

"The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident, except those damages for 'bodily injury' resulting in death. *We will apply the limit of liability to first provide the separate limits required by the laws of New York* for:

"1. 'Bodily injury' not resulting in death of any one person in an auto accident;

"2. 'Bodily injury' not resulting in death of two or more people in any one auto accident; and

"3. 'Property damage' in any one auto accident.

"This provision will not change our total limit of liability.

"In addition, our limit of liability for 'bodily injury' resulting in death is as follows:

"1. Up to $50,000 for 'bodily injury' resulting in death of any one person in any one auto accident; and

"2. Up to $100,000 for 'bodily injury' resulting in death of two or more people in any one auto accident, subject to a $50,000 maximum for any one person.

"If the limit of liability shown in the Declarations is not exhausted by payment of damages for:

"1. 'Bodily injury' not resulting in death; or

"2. 'Property damage';

"any remaining amounts will be used to pay damages for 'bodily injury' resulting in death, to the extent the limit of liability shown in the Declarations is not increased [emphasis supplied]."

Citing only the final clause, Supreme Court interpreted this provision to permit all of the insurance proceeds to be applied to Campbell's claim, leaving nothing for decedent's claim. However, Vehicle and Traffic Law § 311 (4) (a), which prescribes the minimum levels required for an "owner's policy of liability insurance," mandates that any policy provide minimum coverage of "twenty-five thousand dollars because of bodily injuries to and fifty thousand dollars because of the death of one person in any one accident." While no statute requires the proceeds of such a policy to be distributed to multiple claimants on a pro rata basis (see, Duprey v Security Mut. Cas. Co., 22 AD2d 544, 546), the policy language quoted above clearly expresses the intent to incorporate the statutory requirements for motor vehicle liability insurance and specifies that the separate statutorily-required limits will be provided first. In addition, the position of the clause cited by Supreme Court leads to the conclusion that coverage for injury resulting in death will be increased beyond $50,000 only when other damages fail to exhaust the policy limit, rather than to Supreme Court's view that no payment will be provided for injury resulting in death if other damages have exhausted the policy limit. These aspects of the policy require a judicial interpretation that, under the circumstances of this accident, an injured party's claim would first be paid up to the amount of $25,000 and then a decedent's claim would be paid up to the amount of $50,000. Only after this coverage is provided, and only to the extent of the policy limit, would the clause cited by Supreme Court provide payment of damages in excess of $25,000 for bodily injury not resulting in death. In the event that the policy limit was still not exhausted, then this clause would apply any remaining amount to the balance of decedent's claim.

Significantly, this is not a case where the motor vehicle

insurer has settled with one party and thereby reduced the amount available under the policy to a second claimant, as was the case in *Duprey v Security Mut. Cas. Co.* (*supra,* at 546). Here, NYCM offers the full remaining amount of the policy to settle the outstanding claims of both passengers. We also note that the amount recovered by decedent's estate will not be affected by the outcome of this action, for the estate will receive either $100,000 from defendants alone or $50,000 from defendants and $50,000 from NYCM. Thus, while Supreme Court's interpretation of the NYCM policy may provide the maximum recovery obtainable for each of the passengers, it does so by improperly substituting SUM coverage extending to only one claimant for primary liability coverage that is required to extend to both claimants (*see, Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 355). Accordingly, Supreme Court erred in granting plaintiffs' motion for summary judgment and denying defendants' cross motion for summary judgment.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and summary judgment awarded to defendants declaring that they are entitled to, at a minimum, a $50,000 credit towards payment of any underinsurance arbitration award that may be obtained against them by decedent's estate.