FULMONT MUTUAL INSURANCE COMPANY, as Subrogee of JAMES S. HUTCHINSON, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [772 NYS2d 406]—

Peters, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered July 7, 2003 in Fulton County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for a declaratory judgment.

James Hutchinson owns a parcel of real property in the Town of Canajoharie, Fulton County on which there are various stores and rental apartments. The property was insured against fire loss by a policy of insurance procured from plaintiff. Hutchinson, along with his wife and stepson, Michael Rockefeller, reside in one of the rental apartments. A homeowner's policy was procured by Hutchinson from defendant to cover Hutchinson, his wife and Rockefeller for, inter alia, their negligent acts.

In March 2000, Hutchinson's property was damaged by fire caused by Rockefeller's failure to properly extinguish a cigarette. Plaintiff paid a claim to Hutchinson pursuant to the insurance policy and Hutchinson executed a subrogation agreement pursuant to which plaintiff commenced an action against Rockefeller which resulted in a default judgment. Plaintiff then commenced this action against defendant relying upon the liability coverage of the homeowner's policy. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment seeking a declaratory judgment stating that it had no obligation to pay for plaintiff's loss. Supreme Court granted defendant's cross motion and this appeal ensued.

It is settled that "[w]here the provisions of [an insurance] policy 'are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement' " (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986], quoting *Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]). It is equally settled that an ambiguity in an insurance policy will be construed in favor of the insured (*see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326 [1996]; *Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924, 925 [2000]), particularly when the ambiguity is in an exclusionary clause (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 497 [1999]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353 [1978]; *General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, 193 AD2d 135, 137 [1993]; *Campanile v State Farm Gen. Ins. Co.*, 161 AD2d 1052, 1054 [1990], *affd* 78 NY2d 912 [1991]).

While we find the provisions of the homeowner's policy to squarely place Rockefeller under the general definition of

"insured," an ambiguity arises in the exclusion section pertaining to the liability portion. "Section II—Exclusions" states that, with respect to "personal liability," there will be no coverage for "property damage to property owned by the insured."[1] The issue becomes whether "the insured" is only the individual seeking coverage, here Rockefeller, as plaintiff contends, since the policy must be viewed as separate and distinct to him (*see Fadden v Cambridge Mut. Fire Ins. Co.*, 27 AD2d 487, 488 [1967], citing *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120 [1959]; *see also Lane v Security Mut. Ins. Co.*, 96 NY2d 1 [2001]) or only Hutchinson, the property owner, as defendant contends[2] (*see Butler v New York Cent. Mut. Fire Ins. Co.*, supra at 925). The use of "the" and "an" as a modifier for the term "insured" is further complicated by their use in other provisions of this policy where there is a clear intent to include all covered individuals as opposed to only "the insured."[3] Since it is settled that exclusionary clauses " 'must be specific and clear in order to be enforced' " (*General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, supra at 137, quoting *Seaboard Sur. Co. v Gillette Co.*, supra at 311) and that defendant failed to satisfy its burden of establishing the meaning it now attributes to this disputed clause as being subject to no other reasonable interpretation (*see Lane v Security Mut. Ins. Co.*, supra at 4-5; *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 154 [1992]), plaintiff's motion for summary judgment should have been granted and defendant required to provide coverage (*see Matter of Mostow v State Farm Ins. Cos.*, supra at 326; *General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, supra at 139).

Cardona, P.J., Mercure, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion granted, defendant's cross motion denied and it is declared that defendant has a duty to defend and indemnify Michael Rockefeller in an underlying action.

---

1. There is no dispute that Rockefeller does not have an ownership interest in the property.

2. Notably, defendant's proffered interpretation of "the insured" in this case is contrary to the position it took in *Nancie D. v New York Cent. Mut. Fire Ins. Co.* (195 AD2d 535, 537 [1993]).

3. For instance, the policy clearly indicates coverage for personal property "owned or used by an insured while it is anywhere in the world," and a disclaimer for property damage to "property owned by an insured."