■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v NATHANIEL C. GLINBIZZI, JR., et al., Respondents, et al., Defendant. [780 NYS2d 434]—

Kane, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered June 27, 2003 in Schenectady County, which, inter alia, declared that plaintiff is obligated to indemnify defendant Nathaniel C. Glinbizzi, Jr. for certain psychological injury claims.

Plaintiff issued an automobile insurance policy to defendant Nathaniel C. Glinbizzi, Jr. (hereinafter defendant) which was in effect when he was involved in an accident. Defendant struck and killed a pedestrian who was walking with his son. The deceased pedestrian's estate and the son brought the underlying action, wherein the son alleged a zone-of-danger cause of action to recover for psychological injuries caused by witnessing the accident and his father's resulting death. Plaintiff commenced this action seeking a declaration, among other things, that the insurance policy did not cover the son's injuries under its definition of "bodily injury." Supreme Court denied plaintiff's motion for summary judgment, holding that plaintiff is obligated to indemnify defendant for any judgment related to the zone-of-danger cause of action. Plaintiff appeals.

Courts must determine the rights and obligations of parties under an insurance contract based on the policy's specific language (*see State of New York v Home Indem. Co.*, 66 NY2d 669, 670 [1985]; *Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 6 AD3d 788, 789-790 [2004]; *Stasack v Capital Dist. Physicians' Health Plan*, 290 AD2d 866, 866 [2002]). Unambiguous provisions must be given their plain and ordinary meaning (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]; *Demopoulous v New York Cent. Mut. Fire Ins. Co.*, 280 AD2d 855, 856 [2001]). If a provision is ambiguous, such as when it may reasonably be interpreted in two conflicting manners, it must be resolved in favor of the insured and against the insurer who drafted the contract (*see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326 [1996]; *Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]; *State of New York v Home Indem. Co., supra* at 671). "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy" (*Matter of Mostow v State Farm Ins. Cos., supra* at 326-327; *see Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924, 925 [2000]).

Plaintiff must provide coverage to defendant on the zone-of-danger cause of action. In an apparent attempt to avoid liability under the zone-of-danger doctrine (*see Lavanant v General Acc. Ins. Co. of Am., supra* at 630-631 [holding that mental injuries suffered by someone in zone of danger are covered by insurance policy defining bodily injury as "bodily injury, sickness or disease"]), plaintiff modified the definition of bodily injury in its automobile liability policies. The insurance policy here covers "bodily injury," defined as "bodily injury to a person and sickness, disease or death which results from it." This provision may be interpreted by the average insured in two different manners. It could mean that the sickness, disease or death must inure to the same person who suffered the bodily injury. Alternatively, it could mean that any sickness, disease or death to any person is covered if it results from bodily injury to the same or a different person. Here, the pedestrian suffered severe bodily injury resulting in his own death, which all parties agree is covered. The son suffered mental, psychological and emotional injuries which resulted from the bodily injury to his father, a situation falling under the second interpretation. The average insured owner would expect that such injuries suffered as a result of witnessing a relative's death while in the zone of danger would be covered under this policy.

The ambiguity in the "bodily injury" definition is further

enhanced by language in the "Limits of Liability" section of the policy that states that " '[b]odily injury to one person' includes all injury and damages *to others* resulting from this bodily injury" (emphasis added). That language anticipates that injury to others will be covered when only one person is physically injured, implicitly including zone-of-danger injuries. Construing the policy's ambiguity against the insurer, plaintiff must indemnify defendant for the zone-of-danger cause of action.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.