TRAVELERS INDEMNITY COMPANY et al., Respondents, v COMMERCE & INDUSTRY INSURANCE COMPANY OF CANADA et al.,

Defendants, and PEERLESS INSURANCE COMPANY et al., Appellants. [828 NYS2d 658]—

Lahtinen, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 10, 2006 in Albany County, which, inter alia, granted plaintiffs' motion for partial summary judgment.

The underlying facts are set forth in a prior appeal (28 AD3d 914 [2006], *appeal dismissed* 7 NY3d 844 [2006]). Briefly stated, plaintiff Finch Pruyn & Company contracted to have defendant GL & V LaValley Industries, Inc. build, deliver and install a new caustic washer at Finch's mill. GL & V subcontracted the removal of the old washer and installation of the new one to defendant Pinchook & Buckley Construction, Inc. Pinchook was an approved contractor of Finch that frequently did work for Finch. An employee of Pinchook fell while working on removal of the old washer, resulting in a Labor Law action against Finch and GL & V, and GL & V brought a third-party action against Pinchook.

Plaintiff Travelers Indemnity Company, the insurer of Finch, demanded that Pinchook's insurer, defendant Peerless Insurance Company, defend and indemnify Finch upon the ground that Finch was an additional insured under the Peerless policy. Travelers and Finch commenced this action seeking, among other things, a declaratory judgment that Peerless and Pinchook (hereinafter collectively referred to as defendants) had such an obligation to defend and indemnify. Plaintiffs and defendants each moved for summary judgment. Supreme Court granted plaintiffs' motion, finding that endorsement CG 20 10 of the Peerless policy, together with the specific naming of Finch as an additional insured in the policy, established that plaintiffs were entitled to coverage from Peerless. Defendants appeal.

When addressing an insurance coverage dispute, a court looks first to the language of the policy (*see Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157, 162 [2005]; *State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]). The policy is construed " 'in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect' " (*Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., supra* at 162, quoting *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221-222 [2002]). "Unambiguous provisions of a policy are given their plain and ordinary meaning" (*Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]) and

ambiguous provisions are construed "against the insurer who drafted the contract" (*State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]).

Defendants argue that Supreme Court erred in finding that endorsement CG 20 10 provides coverage to Finch. That endorsement, which is entitled "ADDITIONAL INSURED— OWNERS, LESSEES OR CONTRACTORS," provides in pertinent part:

"Schedule

"Name of Person or Organization:

"(If no entry appears above, information required to complete this endorsement will be shown in the declarations as applicable to this endorsement).

"WHO IS INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured."

Since no name is listed directly under "Name of Person or Organization," the policy's declarations must be reviewed for "information required to complete this endorsement." A "declarations extension" in the policy specifically lists Finch as an additional insured. The clear language of the policy reveals that Finch is an "organization shown in the Schedule" and, under the facts of this case, the accident occurred while Pinchook was performing operations for Finch (*cf. Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co.*, 303 AD2d 323, 323-324 [2003]; *Impulse Enters./F & V Mech. Plumbing & Heating v St. Paul Fire & Mar. Ins. Co.*, 282 AD2d 266, 266-267 [2001]; *Pavarini Constr. Co. v Liberty Mut. Ins. Co.*, 270 AD2d 98, 98-99 [2000]). Accordingly, we agree with Supreme Court that coverage is afforded Finch pursuant to Peerless policy endorsement CG 20 10.

We find unpersuasive defendants' assertion that the declarations extension in which Finch is named relates solely to a different endorsement in the policy, to wit, endorsement 22-45. That endorsement provides coverage to "any person or organization with whom [Pinchook] agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this policy." This extension affords coverage based on Pinchook's contract with an entity, without the necessity of that entity being specifically listed in the Peerless policy as an additional insured (*see generally Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393-394 [2003]). Plaintiffs did not seek coverage under endorsement 22-45 because Finch

had no written contract with Pinchook. Finch, however, was already specifically named as an additional insured in the Peerless policy and the language used in the policy does not limit such a named additional insured's coverage to only situations arising under endorsement 22-45 or otherwise foreclose coverage to the additional insured.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.