In the Matter of the Arbitration between PROGRESSIVE INSURANCE COMPANIES, Respondent, and HEATHER NEMITZ, Appellant. [834 NYS2d 394]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dowd, J.), entered April 19, 2006 in Otsego County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

On October 10, 2004, Nicolas Feil, the owner and operator of an all-terrain vehicle (hereinafter ATV), failed to negotiate a turn while riding on a public road in the Town of Rosebloom, Otsego County. Feil drove into a ditch and the ATV overturned, causing his passenger, respondent, to sustain injuries. Feil did not carry insurance on the ATV and, consequently, respondent submitted a claim for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits pursuant to her automobile insurance policy, which had been issued by petitioner. Petitioner denied coverage, asserting that an ATV is not an uninsured motor vehicle as defined in respondent's insurance policy. Respondent thereafter filed a request for arbitration and petitioner commenced this proceeding seeking a permanent stay. Supreme Court granted the petition, prompting this appeal.

Respondent contends that an ATV is included as a covered vehicle under her policy and, therefore, she is entitled to arbitration with respect to her request for SUM benefits. When addressing an insurance coverage dispute, " '[c]ourts must determine the rights and obligations of parties under an insurance contract based on the policy's specific language' " (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 634 [2005], quoting *State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]). While " '[u]nambiguous provisions of a policy are given their plain and ordinary meaning' " (*Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.*, 36 AD3d 1121, 1122 [2007], quoting *Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]), where policy language is unclear or subject to multiple reasonable interpretations, such ambiguities are resolved against the insurer (*see Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can., supra* at 1123; *Fulmont Mut. Ins. Co. v New York Cent. Mut. Fire Ins. Co.*, 4 AD3d 724, 725 [2004]).

Here, respondent does not dispute Supreme Court's conclusion that ATVs are not included in the definition of a "motor

vehicle"* provided in the "General Definitions" section of the subject policy. However, respondent points out that the phrase "[e]xcept as otherwise defined in this policy" at the beginning of the "General Definitions" section contemplates that other definitions in the policy could apply. Consequently, she argues that coverage for an ATV accident nevertheless exists therein because of a separate definition for an uninsured motor vehicle in the SUM endorsement section of the policy which reads, in pertinent part: "(c) Uninsured Motor Vehicle. The term 'uninsured motor vehicle' means a motor vehicle that, through its ownership, maintenance or use, results in bodily injury to the insured." However, while it cannot be disputed that utilizing an ATV can certainly result "in bodily injury to the insured," that fact does not end the analysis. Significantly, the definition of an "uninsured motor vehicle" in the SUM section of the policy nonetheless references the phrase "motor vehicle," which, as we previously noted, is already unambiguously defined in the policy in a manner that excludes ATVs. Accordingly, Supreme Court properly granted the petition to stay arbitration.

We have examined respondent's remaining arguments and find them to be unpersuasive.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* As relevant herein, the General Definitions section of the policy states that:

*"Except as otherwise defined in this policy . . . :*

"12. 'Vehicle' and 'vehicles' mean a land motor vehicle:

"a. of the private passenger, pickup body, or cargo van type;

"b. designed for operation principally upon public roads;

"c. with at least four wheels; and

"d. with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.

"However, 'vehicle' and 'vehicles' do not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area" (emphasis added).