■ CITY OF ELMIRA, Respondent-Appellant, v SELECTIVE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent. [921 NYS2d 662]—

Peters, J.P. Cross appeals from an order of the Supreme Court (O'Shea, J.), entered April 7, 2010 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint and partially granted plaintiff's motion for summary judgment.

Plaintiff owned a historic three-story brick building in the City of Elmira, Chemung County known as the Armory Building. On March 10, 2006, a windstorm caused a portion of the Armory's southern wall to collapse. Plaintiff subsequently hired Hunt Engineers, Architects & Land Surveyors, PC to assess the Armory's condition. Hunt issued a report which concluded that the collapse of the southern wall was caused by hidden deterioration of mortar which weakened the wall and left it un-

able to withstand gusting winds. Hunt also reported that similar conditions existed in other areas of the Armory which rendered the building hazardous to its occupants and the public, and recommended that it be vacated until the exterior walls were rebuilt. The report was provided to plaintiff's fire marshal who, in his capacity as plaintiff's code enforcement officer, found the Armory to be in violation of several sections of the New York State Property Maintenance Code and determined that it not be occupied until the repairs recommended by Hunt were performed. He further concluded that, if such repairs were not performed, the Armory should be demolished immediately.

After Hunt provided an estimated cost to renovate the Armory of $7,350,000, plaintiff elected to have the Armory demolished and accepted a bid from a firm for $1,022,000 to do so. Plaintiff purchased a building on another site for approximately $227,000 for relocation of the functions formerly served by the Armory. Plaintiff thereafter submitted claims to defendant, its insurer, under its "all-risk" insurance policy. Acknowledging that the collapse of the Armory's south wall was covered under the policy, defendant paid plaintiff a sum of $440,000 for the damage sustained in March 2006,[1] but refused to cover the cost of demolishing the undamaged portions of the Armory and purchasing a replacement building at a different location.

Plaintiff commenced this action for breach of contract, claiming that it was entitled to coverage under the "Ordinance or Law" provision of an endorsement to the policy referred to as the ElitePac endorsement, which extended coverage to include certain losses resulting from enforcement of "any ordinance or law." After the parties each moved for summary judgment, Supreme Court denied defendant's motion and partially granted plaintiff's motion, awarding plaintiff $500,000 for demolition costs and approximately $227,000 for the cost of replacing the Armory under the Ordinance or Law provision. These cross appeals ensued.

When confronted with an insurance coverage dispute, " '[c]ourts must determine the rights and obligations of parties under an insurance contract based on the policy's specific language' " (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 634 [2005], quoting *State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]; *accord White v Rhodes*, 34 AD3d 951, 952 [2006]). "While [u]nambiguous provisions of a policy are given their plain and ordinary meaning, where policy language is unclear or

---

1. This payment is not at issue in the instant appeal.

subject to multiple reasonable interpretations, such ambiguities are resolved against the insurer" (*Matter of Progressive Ins. Cos. [Nemitz]*, 39 AD3d 1121, 1122 [2007] [internal quotation marks and citations omitted]; *see Travelers Indem. Co. v·Commerce & Indus. Ins. Co. of Can.*, 36 AD3d 1121, 1122-1123 [2007]). "The test for determining whether an insurance provision is ambiguous 'focuses on the reasonable expectations of the average insured upon reading the policy' " (*Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924, 925-926 [2000], quoting *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]; *see State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d at 757).

The Ordinance or Law provision of plaintiff's policy provided, in relevant part, that

"(1) If a Covered Cause of Loss occurs to covered Building property, we will pay:

"(a) For Loss or damage caused by enforcement of any ordinance or law that:

"(i) Requires the demolition of parts of the same property not damaged by a Covered Cause of Loss; . . .

"(c) The cost to demolish and clear the site of undamaged parts of the property caused by enforcement of the building, zoning or land use ordinance or law."

As the language makes clear, the only requirement necessary to trigger the Ordinance or Law provision is the occurrence of a "Covered Cause of Loss" (*see e.g. Regents of Mercersburg Coll. v Republic Franklin Ins. Co.*, 458 F3d 159, 168 n 11, 170 [3d Cir 2006]; *Medical Plaza, LLC v United States Fid. & Guar. Co.*, 2008 WL 4335572, *6, 2008 US Dist LEXIS 73661, *16-17 [SD Miss 2008]). Here, the parties agree that the damage to the Armory's south wall that occurred in March 2006 was a "Covered Cause of Loss" under the policy. Thus, plaintiff is entitled to coverage so long as the costs to demolish the Armory and clear the site of undamaged parts were caused by enforcement of the building, zoning or land use ordinance or law. In that regard, the record undisputedly reveals that, as a result of the fire marshal's finding that the Armory was in violation of several provisions of the Property Maintenance Code, he exercised his authority to enforce those code provisions by requiring that the portions of the Armory undamaged by the windstorm be either repaired or demolished.

Defendant contends that the Ordinance or Law provision of the endorsement cannot be invoked because the covered cause of loss—i.e., the windstorm—did not cause the enforcement of

the Property Maintenance Code requiring the Armory to be renovated or demolished. The Ordinance or Law provision, however, contains no such requirement. Rather, the clear and unambiguous language of the Ordinance or Law provision required only that a covered cause of loss occur, and that plaintiff incur costs to demolish and clear the site of undamaged parts of the property as a result of the enforcement of an ordinance or law. Thus, the only causal link required under that provision is that the costs to demolish the undamaged portions of the building be caused by enforcement of an ordinance or law.[2] Moreover, the Ordinance or Law provision lacks any unambiguous language excluding coverage where, for example, preexisting property damage contributes to enforcement of an ordinance or law (*compare Park City Estates Tenants Corp. v Gulf Ins. Co.*, 33 AD3d 484, 484-485 [2006]; *61 Jane St. Tenants Corp. v Great Am. Ins. Co.*, 2001 WL 40774, *3, 2001 US Dist LEXIS 265, *9-10 [SD NY 2001]; *see generally Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 339 [2000]). If defendant wished to limit its coverage to only those situations where the enforcement of an ordinance or law is caused by a covered loss, it could have easily done so through the language of the contract. It did not, however, and, under the plain and unambiguous language of the Ordinance or Law provision, plaintiff is entitled to coverage for demolition costs (*see Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co.*, 43 AD3d 23, 28 [2007]; *Regents of Mercersburg Coll. v Republic Franklin Ins. Co.*, 458 F3d at 170; *Medical Plaza, LLC v United States Fid. & Guar. Co.*, 2008 WL 4335572, *6, 2008 US Dist LEXIS 73661, *16-17).

However, plaintiff failed to demonstrate its entitlement as a

**2.** Defendant's reliance on *MarkWest Hydrocarbon, Inc. v Liberty Mut. Ins. Co.* (558 F3d 1184 [10th Cir 2009]), *Chattanooga Bank Assoc. v Fidelity & Deposit Co. of Md.* (301 F Supp 2d 774 [ED Tenn 2004]) and *St. Paul Fire & Mar. Ins. Co. v Darlak Motor Inns, Inc.* (1999 WL 33755848, 1999 US Dist LEXIS 23283 [MD Pa 1999], *affd* 205 F3d 1330 [1999]) is misplaced. The policy language in each of those cases explicitly required that a *covered loss* under the policy *cause* the enforcement of any law or ordinance in effect at the time of covered loss (*see MarkWest Hydrocarbon, Inc. v Liberty Mut. Ins. Co.*, 558 F3d at 1188; *Chattanooga Bank Assoc. v Fidelity & Deposit Co. of Md.*, 301 F Supp 2d at 780; *St. Paul Fire & Mar. Ins. Co. v Darlak Motor Inns, Inc.*, 1999 WL 33755848, *5, 1999 US Dist LEXIS 23283, *9-10; *see also Crabb v State Farm Fire & Cas. Co.*, 2006 WL 1214998, *5, 2006 US Dist LEXIS 29539, *16-17 [D Utah 2006] [ordinance or law provision provided coverage for "the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law *if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs*" (emphasis added)]; *Allemand v State Farm Ins. Cos.*, 160 Wash App 365, 371-372, 248 P3d 111, 114 [2011] [same]).

matter of law to demolition costs in the amount of $500,000. Under the Ordinance or Law provision, plaintiff is entitled to demolition costs in the amount it actually spends to demolish and clear the site, not to exceed $500,000. The only record evidence of the cost to demolish the Armory was a copy of a resolution, passed by plaintiff's City Council, accepting a bid of $1,022,000 to perform the demolition. This resolution, however, was contingent on plaintiff obtaining financing, and there is no evidence in the record as to how much plaintiff actually paid for the demolition. As such, summary judgment was not warranted as to the precise amount of demolition costs.

Defendant next contends that plaintiff is not entitled to coverage under the Ordinance or Law provision of the policy for the cost to replace the Armory because it did not incur "increased construction costs." Specifically, defendant argues that the language explicitly and unambiguously states that the insurer will only pay for a loss resulting from "[t]he increased cost to repair, rebuild or construct the property caused by enforcement of . . . [an] ordinance or law" and that, because plaintiff purchased an existing structure to replace the Armory instead of repairing, rebuilding or constructing a replacement, no coverage is afforded under the Ordinance or Law provision. We agree.

In addition to providing coverage for demolition costs, the Ordinance or Law provision provides further coverage for the "increased cost to repair, rebuild, or construct the property caused by enforcement of building, zoning or land use ordinance or law." The provision continues that "increased construction costs" will not be paid "[u]ntil the property is actually repaired or replaced, at the same premises or elsewhere." It then goes on to set forth limits on the amount defendant will pay "[i]f the property is not repaired or replaced on the same premises."

While Supreme Court correctly found that the plain language of the policy permits plaintiff to "replace" the building at a different location, it erred in concluding that the term "replace" covered the purchase of an existing structure. The policy uses the word "replace" only after explicitly stating in the coverage subsection that the insurer will only pay for the increased cost to "repair, rebuild or construct" the property. Construing the Ordinance or Law provision as a whole and giving meaning to all of the words of the provision (see *Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157, 162 [2005]; *Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.*, 36 AD3d at 1122), we find that the word "replace" is modified by the repeated references to construction and, thus, encompasses only the costs to "rebuild or repair" the property. Indeed, these

provisions cannot reasonably be read to permit "[p]laintiff to receive additional funds to pay for the increased cost of construction when nothing is actually built" (*Snoqualmie Summit Inn, Inc. v Travelers Prop. & Cas. Co. of Am.*, 2007 WL 709297, *5, 2007 US Dist LEXIS 15374, *13 [WD Wash 2007]). As coverage under the Ordinance or Law provision is expressly limited to repaired, rebuilt or constructed property, Supreme Court erred in requiring defendant to cover the costs of plaintiff's purchase of an existing building to replace the Armory (*see Snoqualmie Summit Inn, Inc. v Travelers Prop. & Cas. Co. of Am.*, 2007 WL 709297, *3, *5, 2007 US Dist LEXIS 15374, *9-10, *13).

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiff's motion for summary judgment awarding it $227,040.88 in increased construction costs and $500,000 in demolition costs and (2) denied defendant's motion for summary judgment dismissing that part of plaintiff's cause of action seeking construction costs; defendant's motion granted to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.