Waddy v Genessee Patrons Coop. Ins. Co. (2018 NY Slip Op 05794)





Waddy v Genessee Patrons Coop. Ins. Co.


2018 NY Slip Op 05794


Decided on August 16, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 16, 2018

525241

[*1]GEORGE W. WADDY JR., as Administrator of the Estate of ELIZABETH WADDY, Deceased, et al., Respondents,
v
GENESSEE PATRONS COOPERATIVE INSURANCE COMPANY, Appellant.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Rupp Baase Pfalzgraf Cunningham LLC, Buffalo (Phillip A. Oswald of counsel), for appellant.
E. Stewart Jones Hacker Murphy, LLP, Troy (James E. Hacker of counsel), for George W. Waddy Jr., respondent.
Breakell Law Firm PC, Albany (Paul C. Marthy of counsel), for Brian Brusgul, respondent.
Martin Harding & Mazzotti, LLP, Albany (Cassandra Kazukenus of counsel), for Charron B. Conley, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Powers, J.), entered March 29, 2017 in Clinton County, which, among other things, granted plaintiffs' motions for summary judgment.
Defendant issued a homeowners' insurance policy to two individuals (hereinafter the insureds), who operated a certified respite home for the elderly and special needs adults out of their home. In July 2013, the insureds' son, who was 11 years old at the time, was with his cousin and his friend in the garage attached to the insureds' home and they were playing with a gas grill lighter and accelerants. A fire subsequently ignited and spread to the home. Three adult residents in the respite home — Elizabeth Waddy, Josephine Brusgul and Walter R. Hotaling (hereinafter collectively referred to as decedents) — were not evacuated from the respite home and died. As a consequence, separate wrongful death and negligence actions were commenced on [*2]behalf of decedents against the insureds, among others. Specifically, plaintiff George W. Waddy Jr. (hereinafter Waddy), on behalf of the estate of Elizabeth Waddy, commenced an action alleging negligence and wrongful death causes of action due to the fire. Plaintiff Charron B. Conley, on behalf of the estate of Hotaling, commenced an action alleging, as relevant here, negligence, negligent supervision/entrustment and wrongful death causes of action due to the fire. Plaintiff Brian Brusgul (hereinafter Brusgul), on behalf of the estate of Josephine Brusgul, alleged a negligence claim stemming from personal injuries sustained by Josephine Brusgul after she fell in the insureds' home in April 2013, as well as negligence, negligent supervision/entrustment and wrongful death causes of action due to the fire. Defendant disclaimed coverage and, after the insureds failed to appear in those actions, separate default judgments were entered against them.
Plaintiffs subsequently commenced separate actions under Insurance Law § 3420 (a) (2) against defendant claiming that defendant was responsible for coverage up to the maximum amount allowable per occurrence under the policy issued to the insureds. Following joinder of issue and consolidation of the three actions, defendant moved for summary judgment on the basis that coverage was properly disclaimed under the business pursuits exclusion and that the nonbusiness exception thereto was inapplicable. Plaintiffs also separately moved for summary judgment. In a March 2017 order, Supreme Court denied defendant's motion and granted plaintiffs' separate motions. Supreme Court reasoned that there were two causes of decedents' deaths, one of which fell within the exception to the business pursuits exclusion and one of which did not and, therefore, such exclusion did not apply to bar coverage. Defendant appeals.
An injured party may sue the tortfeasor's insurer where such injured party obtained a judgment against the tortfeasor, the judgment was served upon the insurer with notice of entry and the judgment was not satisfied within 30 days after service thereof (see Insurance Law § 3420 [a] [2]; Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]). The parties here do not dispute that these conditions have been met.
We also note that the insureds' liability to plaintiffs is not in question. Their ultimate liability, however, does not resolve whether defendant must pay for such liability under the policy (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352 [1996]). Rather, defendant's duty to indemnify the insureds must be determined by the actual basis of the insureds' liability to plaintiffs (see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424 [1985]; Robbins v Michigan Millers Mut. Ins. Co., 236 AD2d 769, 770-771 [1997]; Ingber v Home Ins. Co., 140 AD2d 750, 751 [1988]). Although defendant may not now go behind the default judgments entered against the insureds and raise defenses to plaintiffs' underlying claims (see Lang v Hanover Ins. Co., 3 NY3d at 356; Matychak v Security Mut. Ins. Co., 181 AD2d 957, 958-959 [1992], lv denied 80 NY2d 758 [1992]), defendant is entitled to dispute the existence of coverage under the policy and assert defenses thereto in this action (see Dreyer v New York Cent. Mut. Fire Ins. Co., 106 AD3d 685, 688 [2013]; Robbins v Michigan Millers Mut. Ins. Co., 236 AD2d at 771)[FN1]. Accordingly, what is disputed is whether plaintiffs' respective losses are covered losses under the insurance policy issued by defendant to the insureds.
In resolving an insurance coverage dispute, the court looks to the language of the policy (see Consoldiated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221 [2002]; City of Elmira v Selective Ins. Co of N.Y., 83 AD3d 1262, 263 [2011]). Under the applicable insurance policy, defendant provided coverage for "bodily injury or property damages caused by an occurrence." The policy, however, had a business pursuits exclusion stating that the policy did not apply to liability "resulting from activities in connection with an insured's business, except as provided under Incidental Liability and Medical Payments Coverages." An exception to this business pursuits exclusion provided that defendant would pay for bodily injury resulting from "activities in conjunction with business pursuits which are ordinarily considered non-business in nature."
In Outwater v Ballister (253 AD2d 902 [1998]), we analyzed language similar to the insurance policy here and, noting its ambiguity, we held that, "as a general rule[,] if the injury was caused by an act that would not have occurred but for the business pursuits of the insured, said act is beyond the scope of the policy; however, if the injurious act would have occurred regardless of the insured's business activity, the exception applies and coverage is provided even though the act may have had a causal relationship to the insured's business pursuits" (id. at 905). Defendant, as the party relying on an exclusion, bears the burden of establishing that plaintiffs' respective losses fell wholly within the insurance policy's exclusionary clauses (see generally Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d at 425; Prashker v United States Guar. Co., 1 NY2d 584, 592 [1956]). Defendant argues that decedents' deaths were caused by the gross negligence of the insureds in operating a respite home — i.e., the failure to have an adequate fire evacuation plan, among other things. Plaintiffs counter that the deaths were caused by the fire started by the children playing with a gas grill lighter and accelerants in the garage. In view of this, plaintiffs contend that the fire would have occurred regardless of the insureds' operation of a respite home and, therefore, the exception to the exclusion applied.
We agree with plaintiffs. It is undisputed that the act of the insureds' son and the other children in playing with the gas grill lighter and accelerants was the impetus for the fire. Although the insureds' negligence in operating their business — i.e., the failure to have an adequate fire evacuation plan — may have been a contributing cause of decedents' deaths, it cannot be said as matter of law that the fire also was not a contributing cause. In other words, the fire would have occurred regardless of the insureds' business operations, thereby rendering the exception to the business pursuits exclusion applicable. Because the record discloses that decedents' deaths were not caused solely by acts that fell wholly within the business pursuits exclusion, defendant cannot escape its indemnity obligations with respect to decedents' deaths (see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d at 425; Prashker v United States Gaur. Co., 1 NY2d at 592; compare Outwater v Ballister, 253 AD2d at 903).
We reach a different result, however, with respect to Brusgul's claim based upon the alleged personal injuries sustained by Josephine Brusgul from her April 2013 fall. Although not discussed by Supreme Court, the record evidence does not conclusively establish the circumstances surrounding the fall in the insureds' home. In this regard, the complaint merely alleged that Josephine Brusgul, while using her walker to get to the first floor bathroom, was caused to fall. Furthermore, Brusgul's affidavit stating that Josephine Brusgul fell after the insureds' son opened a door and knocked her over is without probative value given that it was made "[u]pon information and belief" (see Oswald v Oswald, 107 AD3d 45, 49 [2013]; Temple v Chenango County, 228 AD2d 938, 939 [1996]). As such, the record evidence does not allow for a determination as to whether the personal injuries allegedly sustained from the fall was a loss that fell wholly within the business pursuits exclusion.
Nevertheless, Brusgul also asserts that summary judgment in his favor was proper because defendant's disclaimer of coverage was untimely [FN2]. The record evidence, however, is likewise insufficient to determine whether defendant's disclaimer of coverage with respect to Brusgul's claim for alleged personal injuries sustained with respect to the April 2013 fall was untimely. Accordingly, to the extent that the respective motions by Brusgul and defendant are premised upon Brusgul's fall claim, neither party is entitled to summary judgment.
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiff Brian Brusgul's motion for summary judgment that was premised upon the claim for personal injuries stemming from the April 2013 fall; said motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: We note that this action does not involve the issue of whether defendant breached a duty to defend the insureds in plaintiffs' underlying actions. Furthermore, even if defendant were obligated to defend the insureds, any breach of such duty does not create coverage (see Robbins v Michigan Millers Mut. Ins. Co., 236 AD2d at 771).

Footnote 2: Contrary to defendant's position, the argument of whether the disclaimer was untimely may be properly raised on appeal as an alternative ground for affirmance (see Matter of Save the Pine Bush, Inc. v New York State Dept. of Evtl. Conservation, 289 AD2d 636, 637-638 [2001], lv denied 97 NY2d 611 [2002]). Brusgul was not aggrieved by the March 2017 order but was nonetheless entitled to raise on appeal a properly preserved error of law without filing a notice of cross appeal (see Parochial Bus. Sys., Inc. v Board of Educ. of City of N.Y., 60 NY2d 539, 546 [1983]).